1

2

3

4

5

6

7

8               IN THE UNITED STATES DISTRICT COURT

9             FOR THE EASTERN DISTRICT OF CALIFORNIA

10   DWIGHT ADAMS,

11            Plaintiff,              No. CIV S-06-2141 FCD KJM P

12      vs.

13   LIEUTENANT B. JONES, et al.,

14            Defendants.            FINDINGS AND RECOMMENDATIONS

15   _____/

16            Plaintiff is a California prisoner proceeding pro se with an action for violation of

17   civil rights under 42 U.S.C. § 1983.  He claims defendant Kimzey has violated his Eighth

18   Amendment rights.  Defendant Kimzey's motion for summary judgment is before the court.

19   I.  Summary Judgment Standards

20            Summary judgment is appropriate when it is demonstrated that there exists "no

21   genuine issue as to any material fact and that the moving party is entitled to a judgment as a

22   matter of law."  Fed. R. Civ. P. 56(c).

23   /////

24   /////

25   /////

26   /////

1

1           Under summary judgment practice, the moving party

2           always bears the initial responsibility of informing the district court
          of the basis for its motion, and identifying those portions of "the

3           pleadings, depositions, answers to interrogatories, and admissions
          on file, together with the affidavits, if any," which it believes

4           demonstrate the absence of a genuine issue of material fact.

5 Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)). "[W]here the

6 nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary

7 judgment motion may properly be made in reliance solely on the 'pleadings, depositions, answers

8 to interrogatories, and admissions on file.'" Id. Indeed, summary judgment should be entered,

9 after adequate time for discovery and upon motion, against a party who fails to make a showing

10 sufficient to establish the existence of an element essential to that party's case, and on which that

11 party will bear the burden of proof at trial. See id. at 322. "[A] complete failure of proof

12 concerning an essential element of the nonmoving party's case necessarily renders all other facts

13 immaterial." Id. In such a circumstance, summary judgment should be granted, "so long as

14 whatever is before the district court demonstrates that the standard for entry of summary

15 judgment, as set forth in Rule 56(c), is satisfied." Id. at 323.

16        If the moving party meets its initial responsibility, the burden then shifts to the

17 opposing party to establish that a genuine issue as to any material fact actually does exist. See

18 Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). In attempting to

19 establish the existence of this factual dispute, the opposing party may not rely upon the

20 allegations or denials of its pleadings but is required to tender evidence of specific facts in the

21 form of affidavits, and/or admissible discovery material, in support of its contention that the

22 dispute exists. See Fed. R. Civ. P. 56(e); Matsushita, 475 U.S. at 586 n.11. The opposing party

23 must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome

24 of the suit under the governing law, see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248

25 (1986); T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir.

26 1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could

1 return a verdict for the nonmoving party, see Wool v. Tandem Computers, Inc., 818 F.2d 1433,

2 1436 (9th Cir. 1987).

3    In the endeavor to establish the existence of a factual dispute, the opposing party

4 need not establish a material issue of fact conclusively in its favor.  It is sufficient that "the

5 claimed factual dispute be shown to require a jury or judge to resolve the parties' differing

6 versions of the truth at trial." T.W. Elec. Serv., 809 F.2d at 631.  Thus, the "purpose of summary

7 judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a

8 genuine need for trial.'" Matsushita, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e) advisory

9 committee's note on 1963 amendments).

10    In resolving the summary judgment motion, the court examines the pleadings,

11 depositions, answers to interrogatories, and admissions on file, together with the affidavits, if

12 any.  Fed. R. Civ. P. 56(c).  The evidence of the opposing party is to be believed.  See Anderson,

13 477 U.S. at 255.  All reasonable inferences that may be drawn from the facts placed before the

14 court must be drawn in favor of the opposing party.  See Matsushita, 475 U.S. at 587.

15 Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to

16 produce a factual predicate from which the inference may be drawn.  See Richards v. Nielsen

17 Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902 (9th Cir.

18 1987).  Finally, to demonstrate a genuine issue, the opposing party "must do more than simply

19 show that there is some metaphysical doubt as to the material facts . . . .  Where the record taken

20 as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no

21 'genuine issue for trial.'" Matsushita, 475 U.S. at 587 (citation omitted).

22    On August 16, 2007, the court advised plaintiff of the requirements for opposing a

23 motion pursuant to Rule 56 of the Federal Rules of Civil Procedure.  See Rand v. Rowland, 154

24 F.3d 952, 957 (9th Cir. 1998) (en banc),  cert. denied, 527 U.S. 1035 (1999), and Klingele v.

25 Eikenberry, 849 F.2d 409 (9th Cir. 1988).

26 /////

II.  <u>Analysis</u>

In his complaint, plaintiff, an African-American, alleges under penalty of perjury that in May 2005 he was attacked by four white inmates.  The inmates, who are also members of the "skin head" prison gang, attacked plaintiff after defendant Kimzey released those inmates from their cells as plaintiff waited to be let into his cell.  During the attack the "skin heads" beat plaintiff with battery-filled pillowcases.  Shortly before this attack, "skin head" inmates had attacked other black inmates at plaintiff's prison, resulting in a lock down by prison officials.  During the lock down, black and white inmates were to be kept separate.  When plaintiff was attacked the prison was still on lock down.  Compl. at 5-7.  Plaintiff suffered injuries requiring a trip to the hospital, and was semi-unconscious for a period of time.  <u>Id</u>. at 7.

The Eighth Amendment's prohibition on cruel and unusual punishment imposes on prison officials, among other things, a duty to "take reasonable measures to guarantee the safety of the inmates."  <u>Farmer v. Brennan</u>, 511 U.S. 825, 832 (1994) (quoting <u>Hudson v. Palmer</u>, 468 U.S. 517, 526-27 (1984)).  An inmate's Eighth Amendment rights are violated by a prison official if that official exposes an inmate to a "substantial risk of serious harm," while displaying "deliberate indifference" to that risk.  <u>Id</u>. at 834.

Defendant Kimzey asserts he is entitled to summary judgment with respect to any Eighth Amendment claims against him because there is no evidence indicating he was deliberately indifferent to plaintiff's safety with respect to the attack by the four "skin heads" referenced above.  Kimzey argues, and presents evidence indicating, that when he opened the cell doors of the "skin head" inmates who subsequently attacked plaintiff, he did not know nor could he see that plaintiff was near their cells.  Mem. P. & A. in Supp. Mot. for Summ. J. at 3-4;

/////

/////

/////

/////

1   Kimzey Decl. at 2:12-22.[1]  He says he opened the cell doors to allow a white inmate to enter his

2   own cell.  Id. at 3.

3            In his deposition, however, plaintiff indicated there were no white inmates waiting

4   to be let into their cells.  Deposition of Dwight Adams at 23:21-24:11.[2]  He also indicates he

5   stood in front of his cell for three or four minutes before the cell doors opened.  Id. at 27:5-9.

6   The conflicting testimony of defendant Kimzey and plaintiff precludes summary judgment for

7   Kimzey because the two stories demonstrate there is a genuine issue of material fact as to what

8   happened exactly in May 2005 around the time Kimzey released the "skin head" inmates from

9   their cells when plaintiff was near their cells.  If a factfinder concludes there was no white inmate

10  waiting to be let into his cell, there would be no apparent justification for Kimzey opening the

11  doors of the cells of the other white inmates.  Moreover, if the "skin heads" had already

12  fashioned weapons and had them ready to use before their cell doors were opened, there would

13  be evidence suggesting they knew their doors were going to be opened by Kimzey so they could

14  attack plaintiff.

15           Defendant Kimzey also asserts he is entitled to immunity from plaintiff's claims

16  under the doctrine of qualified immunity.  Government officials performing discretionary

17  functions generally are shielded from liability for civil damages insofar as their conduct does not

18  violate clearly established statutory or constitutional rights of which a reasonable person would

19  have known.  Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).  The court should reject defendant

20  Kimzey's qualified immunity argument because it is based upon his assertion that there are no

21  facts suggesting he was deliberately indifferent to plaintiff being attacked by the white inmates

22

23           [1]  Defendant Kimzey's declaration was submitted belatedly, after plaintiff had filed his
     opposition.  See Docket No. 37, Ex. A.  Because plaintiff has not objected and there is no
24   prejudice to him if the declaration is considered, the court considers it here.

25           [2]  The transcript of plaintiff's deposition also was submitted belatedly, and in digest form
     only, uncertified.  See Docket No. 37, Ex. B; cf. Orr v. Bank of America, NT & SA, 285 F.3d
26   764, 776-77 (9th Cir. 2002) (citing Fed. R. Civ. P. 80).  Here again, because plaintiff has not
     objected and there is no prejudice to him, the court has considered the transcript's contents.

1   when Kimzey released those inmates from their cells.  As indicated above, there is a genuine

2   issue of material fact as to this issue.

3           Accordingly, IT IS HEREBY RECOMMENDED that defendant Kimzey's motion

4   for summary judgment (#27) be denied.

5           These findings and recommendations are submitted to the United States District

6   Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty

7   days after being served with these findings and recommendations, any party may file written

8   objections with the court and serve a copy on all parties.  Such a document should be captioned

9   "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

10  shall be served and filed within ten days after service of the objections.  The parties are advised

11  that failure to file objections within the specified time may waive the right to appeal the District

12  Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

13  DATED:  September 23, 2008.

14

15  _____
    U.S. MAGISTRATE JUDGE

16

17

18

19

20

21

22

23

24

25

26  1
    adam2141.57